IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | | |
|---|---|---|
| NATIONSTAR MORTGAGE LLC<br>     Plaintiff,<br><br>VS.<br><br>CECILIA BOSTWICK; ERNEST J.<br>BOSTWICK; UNITED STATES OF<br>AMERICA, ON BEHALF OF THE<br>SECRETARY OF HOUSING AND URBAN<br>DEVELOPMENT; and CITIMORTGAGE,<br>INC.,<br>     Defendants. | § § § § § § § § § § § § § § | CIVIL ACTION NO.<br><br>1:25-cv-11679 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Nationstar Mortgage LLC, dba Mr. Cooper, complains of Defendants, Cecilia Bostwick, Ernest J. Bostwick, United States of America, on behalf of the Secretary of Housing and Urban Development, and CitiMortgage, Inc., stating as follows:

### I.   PARTIES & JURISDICTION

1.   Nationstar Mortgage LLC, dba Mr. Cooper ("Nationstar") is a Delaware limited liability company, and its principal address is 8950 Cypress Waters Blvd, Coppell, TX 75019.

2.   Defendant Cecilia Bostwick, on information and belief, is a resident of Essex South County, Massachusetts, residing at 9 Verndale Street, Haverhill, MA 01835, and may be served with process at that address.

3.   Defendant Ernest J. Bostwick, on information and belief, is a resident of Essex South County, Massachusetts, residing at 9 Verndale Street, Haverhill, MA 01835, and may be served with process at that address.

4. Defendant United States of America, on behalf of the Secretary of Housing and Urban Development ("HUD"), can be served with process to the U.S. Attorney General, 950 Pennsylvania Avenue NW, Washington, DC 20530, with a copy to the U.S. Attorney for the District of Massachusetts, Attn.: Civil Process Clerk, 1 Courthouse Way, Suite 9200, Boston, MA 02210.

5. Defendant CitiMortgage, Inc., is a New York corporation with a principal address of 1000 Technology Drive, O'Fallon, MO 63368, and can be served with process through its registered agent, C T Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 2410, as Nationstar seeks to foreclose a lien on real property in which HUD, as an agency of the United States, holds a subordinate lien interest. Section 2410 expressly waives the United States' sovereign immunity in any civil action to foreclose a mortgage or lien where the United States, or an officer thereof, has or claims a lien or other interest in the property. Because the Secretary of HUD, in their official capacity, holds a junior lien on the subject property, this Court has jurisdiction to adjudicate the foreclosure proceedings and determine the rights of all lienholders, including HUD's interest. Additionally, jurisdiction is proper under 28 U.S.C. § 1331, as the matter involves the interpretation and enforcement of federal laws governing HUD's lien rights.

7. The Court has general and specific jurisdiction over all the Defendants that are domiciliary of Massachusetts or have sufficient contact with the forum state. *Daimler AG v. Bauman,* 571 U.S. 117 (2014). The Court has personal jurisdiction over the Secretary of HUD because the Secretary, through its junior lien on real property located within the State of Massachusetts, has purposefully availed itself of the privilege of conducting activities within Massachusetts, thus invoking the benefits and protections of its law. Similarly, the named

Defendants, through their respective interest in the real property located within the State of Massachusetts, have purposefully availed themselves, as well. Therefore, the exercise of personal jurisdiction over the named Defendants, including the Secretary of HUD, is consistent with traditional notions of fair play and substantial justice.

8. Venue is proper in the District of Massachusetts, Boston Division, under 28 U.S.C. § 1391(b) and 28 U.S.C. § 124(d)(3) because that is the district and division in which at least one Defendant resides, and because that is the district and division in which the real property that is the subject of this action is situated.

## II.   BREACH OF CONTRACT

9. On May 11, 2006, Cecilia Bostwick and Ernest J. Bostwick ("Borrowers") made, executed and delivered to First Magnus Financial Corporation a certain Promissory Note ("Note"), in writing, whereby Borrowers promised to pay First Magnus Financial Corporation or order the amount of $231,200.00 plus interest. A true and correct copy of the Note is attached hereto and incorporated herein by reference as **Plaintiff's Ex. No. 1**. Thereafter, First Magnus Financial Corporation indorsed the Note and the same was assigned to Nationstar.

10. On May 11, 2006, Borrowers executed a certain Mortgage ("Security Instrument"), to secure the Note with certain real property in Essex County, Massachusetts, to wit:

> **THE LAND WITH THE BUILDINGS THEREON, SITUATED ON VERNDALE STREET (FORMERLY ORCHARD STREET) IN THAT PART OF SAID HAVERHILL FORMERLY CALLED BRADFORD, BOUNDED AND DESCRIBED AS FOLLOWS:**
>
> **BEGINNING AT THE NORTHWEST CORNER OF SAID LOT ON SAID STREET BY LAND OF GUERTIN; THENCE RUNNING WESTERLY BY SAID GUERTIN`S LAND, ONE HUNDRED NINE (109) FEET TO A STAKE BY LAND OF GERVAIS; THENCE SOUTHERLY FIFTY (50) FEET BY SAID GERVAIS LAND TO LAND OF RABEAU; THENCE EASTERLY BY SAID RABEAU`S LAND, ONE HUNDRED NINE (109) FEET TO SAID ORCHARD**

**STEET; AND THENCE NORTHERLY BY SAID ORCHARD STREET, NOW CALLED VERNDALE STREET FIFTY (50) FEET TO THE POINT OF BEGINNING.**

Said real property has a reported mailing address of 9 Verndale Street, Haverhill, MA 01835 ("Property"). By executing the Security Instrument, the Borrowers granted a lien on and recourse to the Property for a breach thereunder. A true and correct copy of the Security Instrument filed and recorded as Instrument Number 200651600354, in Mortgage Book 25673, Page 118, Official Records of Essex County, Massachusetts, is attached hereto and incorporated herein by reference as **Plaintiff's Ex. No. 2**.

11.     Nationstar is the record assignee of the Security Instrument under that certain chain of assignments filed and recorded in the Official Records of Essex County, Massachusetts, a copy of which is attached hereto and incorporated herein by reference as **Plaintiff's Ex. No. 3.**

12.     The obligation evidenced by the Note and Security Instrument is also hereinafter referred to as the "Loan."

13.     Borrowers, to Nationstar's detriment, have failed to pay amounts that have come due under the Loan, although demand for payment have been made. Nationstar provided to Borrowers proper notices of the default described herein and its intent to accelerate the indebtedness ("Notices of Default"), true and correct copies of which are attached hereto and incorporated herein by reference as **Plaintiff's Ex. No. 4**. Each occurrence of non-performance by Borrowers under the Loan as herein described is a breach thereunder.

14.     Borrowers' continued breach under the Loan has directly and proximately caused damages to Nationstar in that amounts due to Nationstar remain unpaid, and in that Nationstar is incurring fees and expenses to enforce its rights under the Loan and to protect its security interest in the Property.

15. Borrowers have not cured the default described in the Notices of Default. Consequently, Nationstar has, and/or does, hereby exercise its right under the Security Instrument to require immediate payment in full of all sums secured thereunder. Nationstar's records reflect that the unpaid principal balance due and payable under the Loan and secured under the Security Instrument, exclusive of interest, late fees, costs, advances, attorneys' fees, and attorneys' costs, was $ 211,157.75 as of July 1, 2024.

16. For consideration, Borrowers promised to repay the Loan in installments. Borrowers breached such promise to the detriment of Nationstar. Thus, and in accordance with Laws of Massachusetts GL ch. 244, §§ 11-17B, Nationstar is entitled to a judgment quantifying the amount chargeable to the Property in respect of the Loan (including, principal, pre-judgment interest, reasonable attorneys' fees and expenses, advances, costs, and post-judgment interest), and foreclosure upon the lien against the Property securing such amount.

### III.    INTERESTS OF SUBORDINATE LIENHOLDERS

17. Defendant HUD is named herein as a defendant because it claims an interest in the Property under the terms of that certain Open-End Mortgage filed and recorded as Instrument Number 201201300498, in Mortgage Book 31044, Page 215, Official Records of Essex County, Massachusetts, a copy of which is attached hereto and incorporated herein by reference as **Plaintiff's Ex. No. 5.** This interest is subordinate and inferior to Nationstar's interest in the Property. Plaintiff is not seeking monetary relief from this Defendant.

18. Defendant CitiMortgage, Inc., is named herein as a defendant because it claims an interest in the Property under the terms of that certain Mortgage filed and recorded as Instrument Number 200651600355, in Mortgage Book 25673, Page 134, Official Records of Essex County, Massachusetts, as assigned to said Defendant by an Assignment of Mortgage filed and recorded

as Instrument Number 2012050200376, in Mortgage Book 31310, Page 33, Official Records of Essex County, Massachusetts. A copy of the said instruments is attached hereto and incorporated herein by reference as **Plaintiff's Ex. No. 6**. This interest is subordinate and inferior to Nationstar's interest in the Property. Plaintiff is not seeking monetary relief from this Defendant.

## IV.   CONDITIONS PRECEDENT

19. By virtue of filing this Complaint, Nationstar hereby accelerates all sums due under the Loan and demands payment in full of the said amount.

20. Borrowers' failure to comply with this demand entitles Nationstar to seek foreclosure of the Property.

21. All conditions precedent to the relief requested herein by Nationstar have been performed or have occurred.

## V.   ATTORNEYS' FEES

22. The Loan provides that in the event of foreclosure, and insofar as allowed by the Laws of Massachusetts GL ch. 244, §§ 11-17B, Nationstar may be awarded all expenses incurred in pursuing remedies provided for thereunder, including reasonable attorneys' fees and costs, expenses, or advances made necessary or advisable or sustained by Nationstar because of the default or to protect its security interest. Nationstar has retained Marinosci Law Group, P.C., and agreed to pay its reasonable attorneys' fees and costs incurred relative to this proceeding and to protect Nationstar's security interest in the Loan.

## PRAYER

WHEREFORE, Nationstar Mortgage LLC dba Mr. Cooper prays that after service of process is completed as to all Defendants, then the Court quantify the amount chargeable to the Property in respect of the Loan (including, principal, pre-judgment interest, reasonable attorney's

fees and expenses, advances, costs, and post-judgment interest) and grant foreclosure upon the lien securing such amount as remedy to Nationstar for Borrowers' breach of contract as herein alleged, deem all junior lienholders' interest in the Property inferior to the superior interest of Nationstar, and for all other relief Court deems appropriate.

DATE: June 9, 2025

        Respectfully submitted,
        Marinosci Law Group, P.C.

*/s/ Brian Kiser*
Brian Kiser / MA State Bar No. 673022
275 W. Natick Road, Suite 500
Warwick, RI 02886
Phone: 401.234.9200
Fax: 972.331.5240
Email: bkiser@mlg-defaultlaw.com
**ATTORNEYS FOR PLAINTIFF**
**NATIONSTAR MORTGAGE LLC, DBA MR. COOPER**